IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLIN KELLY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 24-1471 |
| THOMAS JOHNSON, et al., | ) Magistrate Judge Patricia L. Dodge |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Marlin Kelly, a prisoner previously incarcerated at the State Correctional Institution at Greene, Pennsylvania ("SCI Greene"),[1] brings this pro se civil rights action under 42 U.S.C. § 1983 against Corrections Officer Thomas Johnson and hearing examiner Ms. Rudzienski, both of whom work at SCI Greene. Plaintiff asserts that in response to his threat to file a grievance against him, Defendant Johnson retaliated against him in violation of his rights under the First Amendment. In support of this claim, he alleges that Defendant Johnson falsely reported that he tested positive for drugs and issued a false misconduct report against him that resulted in his transfer to the Restrictive Housing Unit ("RHU") for forty-five days. Plaintiff further alleged that Defendant Rudzienski is liable for acts of negligence and violating his right to due process based on her actions during a misconduct hearing. In his response to Defendants' motion, however, he states that he has withdrawn his claims against her.

Pending before the Court is a Defendants' motion to dismiss the Second Amended Complaint (ECF No. 49). For the reasons that follow, their motion will be granted in part and

---

[1] Plaintiff has since been transferred to SCI Coal Township (ECF No. 23).

denied in part.[2]

## I. Procedural History

Plaintiff commenced this action by submitting a Complaint without the filing fee or a motion for leave to proceed in forma pauperis on October 23, 2024. (ECF No. 1.) Subsequently, he filed a motion to proceed in forma pauperis, which was granted and the Complaint was docketed on October 30, 2024. (ECF No. 6.) The Complaint alleged claims under the Eighth Amendment and the due process clause of the Fourteenth Amendment.

In response to Defendants' motion to dismiss, Plaintiff filed a motion for leave to amend (ECF No. 25), which was granted. The Amended Complaint (ECF No. 27) made the same factual allegations but changed the claims to violations of the First Amendment by Johnson (Count 1) and negligence under state law (Count 2) and due process (Count 3) against Ms. Rudzienski. Plaintiff subsequently filed another motion for leave to amend (ECF No. 40), which was granted. The Second Amended Complaint ("SAC") (ECF No. 48) makes some minor changes to the Amended Complaint.

On July 31, 2025, Defendants moved to dismiss the SAC (ECF No. 49), which has been fully briefed (ECF Nos. 50, 54).[3] In addition, Plaintiff filed a Motion in Opposition to Corrections Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 55), which will be denied.

---

[2] The parties have fully consented to jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 2, 20.)
[3] In his response, Plaintiff withdraws his claims against Ms. Rudzienski. Therefore, the motion to dismiss will be granted with respect to Counts 2 and 3.

II. **Facts Alleged in Second Amended Complaint**

According to the SAC, beginning in October 2023, Johnson began selecting him out of a group of 25-50 inmates in the yard to random pat down searches for contraband. When he was searched three times in one day, he informed Johnson that if this conduct continued, he would file a grievance against him. Johnson responded that "you haven't seen harassment and if you file a grievance, a pat down search would be the least of your worries." (SAC ¶¶ 9-13.)

The pat down searches continued. In addition, sometime in late October or early November, Johnson is alleged to have sent officers to search Plaintiff's cell for contraband, during which they found a partially written grievance against Johnson. (*Id.* ¶¶ 14-16.)

On November 13, 2023, Johnson had Plaintiff provide a urine sample for testing. Plaintiff told Johnson that he was not using the proper procedures and threatened to file a grievance if the test came back positive. He also threatened to contact the media about an incident in which Johnson assaulted another inmate by spraying pepper spray into his eyes, nose and mouth when the inmate was unconscious, requiring the inmate to be transported to an outside hospital for treatment. Johnson laughed and said since when has a grievance ever done anything to harm an officer. (*Id.* ¶¶ 17-21.)

Plaintiff was ordered to report on November 30, 2023, to a visiting strip search after Johnson reported he tested positive for synthetic cannabinoids. He was taken to level 5, where he was stripped naked and subjected to a series of humiliating searches. (*Id.* ¶¶ 23-29.)

Plaintiff was escorted to a disciplinary hearing before Ms. Rudzienski on December 4, 2023. According to the SAC, Ms. Rudzienski refused to postpone the hearing despite not having received the urinalysis report, and found him guilty of a misconduct, for which he was sentenced to forty-five days in the RHU. After Plaintiff appealed, Michael Zaken, the Superintendent of

SCI Greene, issued a finding that the report revealed that Plaintiff he tested negative for synthetic cannabinoids, and the misconduct was dismissed. (*Id.* ¶¶ 30-36.)

### III. <u>Standard of Review</u>

"Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). "This requires a plaintiff to plead "sufficient factual matter to show that the claim is facially plausible," thus enabling "the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). While the complaint "does not need detailed factual allegations ... a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As noted by the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

When dismissing a civil rights case for failure to state a claim, a court typically must allow a plaintiff to amend a deficient complaint, irrespective of whether it is requested, unless

doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alston v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Attorney General*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established.").

## IV.   Analysis

Plaintiff's claims are asserted under 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). *See also Baker*, 443 U.S. at 140; *Graham v. Connor*, 490 U.S. 386, 394 (1989).

The SAC alleges violations of the First Amendment, which, as relevant here, prohibits government officials from retaliating against a prisoner for exercising his right to free speech, including by filing grievances.

### A.   First Amendment Retaliation

Defendants contend that Plaintiff's First Amendment retaliation claim is deficient in several respects.[4]

---

[4] Defendants first argue that any official capacity claims should be dismissed based on Eleventh

5

To state a claim for retaliation under the First Amendment, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct; (2) the defendant at issue took adverse action against him; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take that adverse action. *See, e.g.*, *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). As particularly relevant here, "[t]he filing of a prison grievance is an activity protected by the First Amendment." *Fantone v. Latini*, 780 F.3d 184, 192 n.8 (3d Cir. 2015); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (allegation of false charge of misconduct in retaliation for filing complaints is conduct protected by the First Amendment); *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006) (noting that alleged retaliatory conduct need only be more than *de minimis*).

Defendants argue that Plaintiff alleges that he merely threatened to file a grievance against Johnson and several district courts have held this to be insufficient. *See Ortiz v. Baird*, 2013 WL 1290555, at *8 (W.D. Pa. Feb. 15, 2013) (the mere "threat to file a prison grievance does not satisfy the first element of a retaliation claim.") (citing *Griffin–El v. Beard*, 2013 WL 228098, at *8 (E.D. Pa. Jan.22, 2013)), *report and recommendation adopted*, 2013 WL 1289258 (W.D. Pa. Mar. 26, 2013). *See also Clay v. Overmyer*, 2015 WL 630379, at *4 (W.D. Pa. Feb. 13, 2015) (same).

However, as Plaintiff notes, the Court of Appeals more recently found that "we cannot discern a substantive distinction between retaliation for informing prison officials of an intent to file a grievance or requesting the necessary forms to do so on the one hand, and actually filing such a grievance on the other. Accordingly, the record is sufficient to establish the first prong of

---

Amendment immunity. However, Plaintiff accurately responds that the SAC pleads claims against Defendants only in their individual capacities. (SAC ¶¶ 7-8.) Therefore, the Court need not address this argument.

[plaintiff's] prima facie case of retaliation." *Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016).[5] *See also Mack v. Warden Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016) (prisoner's oral grievance regarding the anti-Muslim harassment he endured at work constituted protected activity under the First Amendment.); *Gleason v. Placencia*, 2020 WL 104693, at *5 (E.D. Cal. Jan. 9, 2020) ("it is illogical to conclude that prison officials may punish a prisoner for *threatening* to sue when it would be unconstitutional to punish a prisoner for *actually* suing."), *report and recommendation adopted*, 2020 WL 3497001 (E.D. Cal. June 29, 2020). Thus, the threat of filing a grievance is sufficient to satisfy this element of the analysis.[6]

Defendants also argue that because Plaintiff actually filed grievances after being placed in the RHU, he cannot claim that he was deterred by their actions. However, whether placement in the RHU was "sufficient to deter a person of ordinary firmness from exercising his constitutional rights is an objective inquiry and ultimately a question of fact." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012) (citation omitted). While Defendants cite this quotation from this case, they misconstrue it. The *Bistrian* court held that the fact that the plaintiff was not impeded in his efforts to complain to the outside world about his conditions of confinement (a subjective inquiry) did not mean that he could not cite the act of being placed in the SHU as an adverse action because, objectively speaking, it was sufficient to deter a person of ordinary firmness from exercising his constitutional rights. The same result obtains here.

Finally, Defendants contend that Plaintiff vaguely refers to a period of weeks, which is insufficient for temporal proximity. However, the Court of Appeals has held that "causation, like

---

[5] This case was decided on summary judgment. Here, for purposes of a motion to dismiss, Plaintiff has adequately alleged protected activity.

[6] Plaintiff also alleges that a search of his cell revealed his partially drafted grievance against Johnson.

any other fact, can be established from the evidence gleaned from the record as a whole. "[W]here the temporal proximity is not so close as to be 'unduly suggestive,' " the appropriate test is "timing plus other evidence." *Watson*, 834 F.3d at 424 (footnotes omitted).

Thus, even if the weeks between Plaintiff's threat to file a grievance and Johnson's actions are too distant to be "unduly suggestive," Johnson's alleged statement to Plaintiff that if he filed a grievance, a pat down search would be the least of his worries satisfies the requirement for "other evidence" at this point in the proceedings. As such, Plaintiff has sufficiently alleged a claim of retaliation. Therefore, Defendants' motion to dismiss this claim will be denied.

### B.  Plaintiff's Motion

In addition to filing a response to Defendants' motion, Plaintiff filed a "Motion in Opposition to Corrections Defendants' Motion to Dismiss for Failure to State a Claim" (ECF No. 55). A motion to dismiss is appropriately filed by a defendant to present defenses to a plaintiff's claims, including the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Thus, because Plaintiff's motion is inaccurate and procedurally improper, his motion will be denied.

## V.  Conclusion

For these reasons, the Motion to Dismiss the Second Amended Complaint (ECF No. 49) will be granted with respect to Counts 2 and 3 and denied in all other respects. Plaintiff's Motion in Opposition to Corrections Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 55) will be denied.

January 9, 2026                     /s/ Patricia L. Dodge
                                    PATRICIA L. DODGE
                                    UNITED STATES MAGISTRATE JUDGE